# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MICHELLE LANE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CAROLYN ROBERTSON, Warden, | ) | 06-CV-3127 |
| Lincoln Correctional Center, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

Petitioner Michelle Lane ("Lane") filed a *pro se* amended petition for a writ of habeas corpus on June 16, 2006. On October 20, 2006, Respondent Robertson ("Robertson") filed a motion for summary judgment, claiming that Lane had failed to exhaust her state court remedies because her claim for collateral relief was still pending in the Illinois courts. For the following reasons, this Court agrees and the amended petition is dismissed.

## FACTS

Lane was convicted in a bench trial of aggravated battery of a child under 720 Ill. Comp. Stat. 5/12-4.3 and was sentenced to 35 years imprisonment.  After an appeal, Lane's sentence was reduced to 28 years with credit for 513 days already served.  Since the sentence was imposed on March 1, 1996, it effectively began to run on September 28, 1994 (i.e., 513 days earlier).[1]  Further, since Lane received day-for-day credit in serving her 28-year sentence, her tentative discharge date is September 28, 2008 (i.e., 14 years after her sentence effectively began to run).  Factoring in a 90-day credit for meritorious good time, Lane's release date falls on June 28, 2008, at which time her three year parole period begins.

In May 2004, Lane filed a motion in an Illinois circuit court to reduce her sentence.  The motion was denied and the appellate court dismissed Lane's appeal.  On April 4, 2006, Lane raised similar claims relating to her parole date in a post-conviction petition before the circuit court.  The claim

---

[1]Interestingly, Lane's criminal conduct occurred on October 3, 1994.  Thus, it appears that she may have been given too much credit for time served.  However, that issue is not before the court.

was denied as frivolous.  While appealing the state decision, Lane filed the current amended habeas petition in this Court on June 16, 2006. Respondent then filed a motion for summary judgment, arguing that the petition is barred due to a failure to exhaust state remedies.

## ANALYSIS

### A.    Exhaustion of State Law Remedies

In her habeas petition before this court, Lane alleges error in the calculation of her parole date.  This same claim, however, is also the subject of Lane's on-going state post-conviction petition.  Generally, a federal court cannot grant a habeas petition where the petitioner has failed to exhaust state remedies.  28 U.S.C. § 2254(b)(1)(A).  Although the current status of Lane's petition for relief in the state courts is unclear, the "exhaustion of state remedies is determined at the time the petition for habeas corpus is filed."  *Verdin v. O'Leary*, 972 F.2d 1467, 1483 (7th Cir. 1992) (citing *United States ex rel. Johnson v. McGinnis*, 734 F.2d 1193, 1196 (7th Cir. 1984)).  Therefore, because the Illinois courts were still considering her claims for collateral relief when she filed her federal habeas petition, Lane

has failed to exhaust her remedies.

**B.      Stay-and-Abeyance**

Given Lane's failure to exhaust, her petition can either be dismissed without prejudice or stayed under *Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005).  In *Rhines*, the Supreme Court recognized that district courts could grant stays in mixed petition cases.  *Id.* at 275-77. However, the Court imposed several restrictions on the use of such stays, noting that "stay and abeyance should be available only in limited circumstances."  *Id.* at 277.  Thus, a district court can employ the procedure where (1) the petitioner had good cause for her failure to exhaust, (2) the unexhausted claims are potentially meritorious, and (3) the petitioner did not engage in dilatory tactics.  *Id.* at 277-78.

Applying these standards, it is clear that Lane's petition fails to merit a stay.  First, this is not a mixed petition.  Lane simply argues that she is entitled to a different parole date, the same claim she is pursuing in the state courts.  Thus, there is only one unexhausted claim and nothing more.

Even if this were a mixed petition, however, it would still fail to satisfy

4

the requirements above.  While no evidence of dilatory tactics exists, Lane

has nevertheless failed to show that she had good cause for her failure to

exhaust.  Further, she has made no showing that her claim is potentially

meritorious.   Indeed, the state trial court described Lane's claims as

"frivolous,"and the record shows that several individuals have warned Lane

that her claims lacked merit.  After reviewing the claims, which are largely

based on Lane's own sentencing miscalculations and misapprehensions of

state law, this Court agrees that they lack merit.[2]  Therefore, Lane fails to

qualify for a stay, and her petition is dismissed.

Ergo, Respondent's motion for summary judgment (d/e 28) is granted

---

[2]Specifically, Lane appears to contend that her probation date is incorrect for two reasons. First, she seems to suggest that the state sentencing judge did not admonish her concerning mandatory supervised release terms and therefore it would be unconstitutional to tack on a probation period after she serves her sentence.  Because of this error, Lane asserts that her probationary period must begin immediately.  The admonishment requirement, however, only applies to defendants who take a plea or stipulate that the evidence suffices to support a conviction, see Ill. S. Ct. R. 402, whereas the record before this Court shows that Lane had a bench trial.  Second, Lane, purportedly basing her calculations on a letter from a circuit court clerk, determines that her probation date should be moved from June 28, 2008, to March 26, 2007, because the June 2008 date fails to take into account time served.  This argument has no merit.  Lane was sentenced on March 1, 1996, but her probation date is calculated based on continuous custody from September 28, 1994.  Thus, the June 2008 date already takes the prior time served into account by starting to run in September 1994.  Lane's attempt to gain a further reduction for the same time served is unwarranted.  Similarly, Lane's suggestion that her time already served must be doubled and then subtracted from her 14-year sentence is also flawed. Such doubling is unnecessary because the June 2008 date is based on halving Lane's original sentence of 28 years.  Lane's system of doubling would, therefore, actually end up quadrupling her time served.

and Petitioner Lane's Amended Petition (d/e 16) is dismissed without prejudice for failure to exhaust.

IT IS SO ORDERED

ENTER:    November 21, 2007

FOR THE COURT:                          /s Richard Mills
                                        United States District Judge

6